## THE FIRST NATIONAL BANK OF SELINSGROVE VS. ECKBERT.

The claim for contribution against joint debtors, in favor of one who has paid more than his share, is limited to the whole amount, divided by the number of solvent debtors ; *and is not increased by the fact that the statute of limitations has barred the right to recover against some of the joint debtors.*

Error to the Court of Common Pleas of Snyder County, No. 161 Jan. Term, 1884.

This was an attachment in execution with notice to Franklin J. Schoch and Augustus Springman, as garnishees. William A. Meeker, W. F. Eckbert, F. J. Schoch A. Springman, D. G. Winey, J. Banks Wilson, Edmund S. Doty, J. G. L.

Shindel were the directors of the Selinsgrove and North Branch Railroad Company. W. A. Meeker was the President. This railroad company stood in need of money to carry on its works. Its credit was not good, and in order to obtain a loan, it was necessary for the directors to make themselves individually liable to secure a loan for the Company. On Aug. 16, 1874, the Board of Directors met, all being present, except Winey. The following preamble and resolutions were adopted: "Whereas, It has become necessary to raise money by loan, to carry on the works, and this can only be done by the directors making themselves personally liable; And whereas the amount demanded at this time is $5,000, and the directors have given their note for the same at 60 days; Therefore, Resolved, That the President is directed to retain out of the subscriptions collected, when realized, or the levied uncollected subscriptions, a sum of money sufficient to meet the said note at maturity, and apply the same to its payment." The note referred to in this resolution was signed by all the directors named, except J. G. L. Shindel. The note was discounted on Aug. 22, 1874, at the Union Bank of Huntingdon, Pa., and the proceeds thereof, handed over to the said Railroad Co. When this note became due, the Railroad Co. had not funds to pay it; then it was renewed by another note, of which the following is a copy:

MIFFLINTOWN, Oct. 3rd, 1874.

90 days after date we promise to pay to the order of ourselves, at the banking house of Doty, Parker & Co., $5,000 without defalcation value received.

This was signed by all the directors, except Shindel and endorsed by them. When this note became due, there still was no money to meet it. Subsequently, Edmund S. Doty, who was a solicitor of the Railroad Co., collected some subscriptions on the capital stock of the company, and with them paid on said note, Apr. 23rd, 1875, $500; Aug. 20, 1875, $300; Jan. 31, 1876, $600, $300 of which F. J. Schoch gave him; March 27th, 1876, $300. Then on Apr. 15, 1876, Edmund S. Doty, Jr. purchased the note from the said bank. After this, the Union Bank of Huntingdon, brought suit, in its name,

against all the makers, in the Court of Common Pleas of Snyder county, No. 50 May Term, 1876. The summons was served only on W. A. Meeker, F. J. Schoch, W. F. Eckbert and Augustus Springman, the other parties could not be found in the county. On June 23, 1876, judgment was obtained against the parties served, for the sum of $3,669.94; Feb. 2, 1877, F. J. Schoch paid on this judgment $500; Jan. 30, 1880, Springman paid $900; Feb. 9, 1880, Eckbert paid $250. After this, there was a *Sci. Fa.* issued on the judgment of the Union Bank at Huntingdon for the use of Edmund S. Doty, Jr., against W. A. Meeker, W. F. Eckbert, F. J. Schoch and A. Springman, to No. 26 May Term, 1881. The *Sci. Fa.* was served on all except Meeker. May 24th, 1881, judgment was entered against Eckbert, Schoch and Springman for the sum of $2,965.49. Execution was issued and the Sheriff levied on the real estate of William F. Eckbert, and sold it on the 3rd day of Dec., 1881, realizing sufficient money to pay the debt, interest and costs of said judgment. The fund realized was so applied. On Apr. 12, 1878 the First National Bank of Selinsgrove obtained a judgment against W. F. Eckbert for the sum of $4,800. When the officers found that Eckbert's property would pay more than his share of the debt due the Union Bank of Huntingdon, they, on the 15th day of Dec., 1881, issued this attachment execution on their judgment against Eckbert, and made Schoch and Springman garnishees, and attached a contributive share of this debt due by them to Mr. Eckbert. Messrs. Doty, Wilson and Winey were not served with the attachment, not residing in the county. The garnishees then entered plea of "*Nulla Bona*," but on the 25th Sept., 1883, when the case was called for trial, Schoch admitted that there was in his hands the sum of $10 and paid the same into the Court: and Springman admitted there was $80 in his hands, and paid the same into Court. During the trial, it was admitted that Meeker was dead, and insolvent, and that D. G. Winey was insolvent. The whole case resolved itself into a question of law, and that was, whether Eckbert, Schoch and Springman must pay the whole of this debt, that the funds of the Railroad Company did not pay, or whether the same must be paid by Eckbert, Schoch, Springman, Doty

and Wilson. The Bank of Selinsgrove contended, that as Eckbert paid more than his share of the debt, after the statute of limitations had barred the claim as to Doty and Wilson, the payment that Eckbert made of more than his share of the debt, at that time, did not relieve Doty and Wilson of any portion, nor was the payment of any benefit to them ; and that consequently, Eckbert, Schoch and Springman must each pay, one-third of the debt, and that as Eckbert had paid more than his one-third, the bank had a right to recover from Schoch and Springman, their full contributive share, that Eckbert paid more than his share. The garnishees alleged, that as between the makers of a note, the statute of limitations did not bar Mr. Eckbert from recovering from Doty and Wilson, their contributive share and therefore, Schoch and Springman were not bound for a proportionate share of Doty and Wilson to the bank, nor to any one else ; and that the whole debt, not paid by the Railroad Company, must be equally borne by Eckbert, Schoch, Springman, Wilson and Doty. The Court below took the latter view of the law, and directed a verdict and payment for the plaintiff (after deducting the money paid into the Court,) against F. J. Schoch, for the sum of $45.10 ; and against Springman for the sum of $31.80. This left Doty and Wilson to pay their contributive shares of the debt to Mr. Eckbert. The Court, per Bucher, P. J., charged inter alia as follows : We therefore charge you, that the bank can only recover the amount that Eckbert in the judgment can recover; and that it can only recover from Schoch and Springman, the garnishees, the excess that it has paid over, and beyond what they were required to pay. That each of these parties are only bound to contribute or make good one-fifth of the excess that Eckbert paid. This amount can be determined by ascertaining what Eckbert, Schoch and Springman paid up to, and including the payment of the 16th of Dec., 1881, together with interest to that date. Doty and Wilson having paid nothing, this will show the aggregate amount paid by all. This divided by 5, the number of solvent sureties were bound to contribute, will show what each one should have paid, when Eckbert paid more than his share. After ascertaining what each of the 5 are bound to pay, you

will deduct the one-fifth from the amount that Eckbert actually paid, and that will show what he paid in excess of his share. And after deducting from this excess, what Schoch and Springman respectively paid, the balance, with interest to this date, would be your verdict against the garnishees, so far as their liability to pay the common debt is concerned. The bank then took a writ of error, complaining of the portion of the charge hereinbefore quoted.

*Charles Hower, Esq.*, attorney for plaintiff in error argued, that when Eckbert paid the excess, the statute had barred the note against Wilson and Doty. Before this, Eckbert could not call on his co-sureties for contribution; and as the statute had barred the debt as to Wilson and Doty, he could only recover from Schoch and Springman, and hence they were each liable for one-third; Lytle vs. Mehaffy, 8 W. 278. He also cited Decker vs. Eisenhaur, 1 P. & W. 476; McMullen vs. Wenner, 16 S. & R. 18; Todd's Appeal, 24 Penn. 431. "It was decided in the case of Deering vs. Earl of Winchelsea that the doctrine of contribution as between sureties was not founded of contract, but upon general principles of justice which govern all cases. That it is the result of general equity on the ground of equality of burthen and benefit;" Kennedy vs. Carpenter, 2 Wh. 363; Campbell vs. Meiser, 4 Johns. Ch. Rep. 337; Story's Equity Jurisprudence, volume 1st, section 493; Screven vs. Joyner, 1 Hills Ch., 252, 26 American Decisions 199; Wheatfield Township vs. Brushvalley, 25 Penna. 112. Where the claim of co-debtor is barred by the statute of limitations, the claim against him is also barred; Coleman vs. Fobes, 22 Penn. 162.

*A. C. Simpson, A. W. and N. I. Potter, Esqs.*, attorneys for defendants in error, cited, Lytle vs. Mehaffy, 8 W. 278; Fletcher vs. Glover, 11 New Hampshire 372; Horn vs. Wrad, 6 Maine 195; Peaslee vs. Breed, 10 New Hampshire 489; Boardman vs. Paige, 11 New Hampshire, 489; Catskill Bank vs. Messenger, 9 Cowen 39; Durell vs. Wendell, 8 New Hampshire 360. The cases of Coleman vs. Fobes, 22 Penna. 156, and Kennedy vs. Carpenter, 2 Wh. 344, and Wheatfield

Township vs. Brushvalley, 25 Penna. 112, were not similar to the present case.

The Supreme Court affirmed the judgment of the Court below, on May 19, 1884, in the following opinion:

PER CURIAM.

The portion of the Charge of the Court, assigned for error, contains a clear and correct statement of the law; no fact is shown to prevent its application.

Judgment affirmed.